IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CALIP JOSEPH FARMER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0198 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION
### TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner CALIP JOSEPH FARMER has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction for burglary of a habitation, a second degree felony, enhanced, entered September 22, 2004 out of the 251st District Court of Randall County, Texas. Petitioner is currently serving a twenty-five year sentence as a result of his conviction. For the reasons hereinafter expressed, the Magistrate Judge is of the opinion Grounds 2 and 4 of petitioner's application for federal habeas corpus relief should be DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES and Grounds 1, 3, and 5 should be DENIED on the merits.

I.

PROCEDURAL HISTORY

On January 28, 2004, in Cause No. 15,792-C, styled *The State of Texas vs. Calip Joseph Farmer,* an indictment was filed charging petitioner with burglary of a habitation. The

indictment included two enhancement paragraphs alleging petitioner had previous felony convictions for theft (in 1980) and for unauthorized use of a motor vehicle (in 1985) [Tr. 1-2]. Petitioner pled not guilty [SF Vol. 2 at 126-27] and, on September 22, 2004, a jury found petitioner guilty [SF Vol. 3 at 50]. A sentencing hearing was held before the district judge that same day. Petitioner pled "not true[1]" to the enhancement paragraphs, and the district judge found both enhancement paragraphs true and sentenced petitioner to a term of imprisonment of twenty-five (25) years in the Texas Department of Criminal Justice, Correctional Institutions Division, to run concurrent with any other sentence he might be required to serve in the event his parole was revoked on a prior offense [SF Vol. 3 at 101].

On October 6, 2004, petitioner filed notice of appeal to the Seventh Court of Appeals. That court affirmed his conviction in an unpublished opinion on December 28, 2005. *Farmer v. State*, Slip Op. No. 07-04-0492-CR (Tex.App.–Amarillo, Dec. 28, 2005, no pet.). Petitioner did not file a petition for discretionary review. Petitioner's only state writ challenging this conviction was filed July 2, 2006 and was denied by the Texas Court of Criminal Appeals without written order on April 5, 2006. *Ex parte Farmer*, App. No. 64, 348-01, at cover.

Petitioner filed this federal petition July 27, 2006 and, on April 10, 2007, the Court allowed petitioner to amend and supplement with additional argument.

Respondent filed his original answer, on May 1, 2007, and on May 18, 2007, petitioner filed his "objections" or traverse to the Respondent's original answer.

II.

PETITIONER'S ALLEGATIONS

---

[1]On cross-examination defendant admitted he had been convicted of the felony offenses alleged in the enhancement paragraphs [SF Vol. 3 at 91-92].

Petitioner appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. His conviction was obtained by the use of a coerced confession;

2. His conviction was obtained by a violation of the privilege against self-incrimination;

3. Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant /there was "[n]o evidence to support [the] conviction as charge[d] and convicted;"[2]

4. Denial of effective assistance of counsel; and

5. Sentence imposed was in excess of the maximum authorized by law[3].

III
EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, the provisions of the AEDPA apply to this case. As relevant here, the AEDPA provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or

---

[2]On his federal habeas form, petitioner circled the ground which stated:

His conviction was obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

However, petitioner presented no supporting argument or facts on this point in his habeas form, his April 9, 2007 supplement, or his May 18, 2007 response to the State's Answer. Where plaintiff was to present supporting facts on this point on his federal habeas form, he wrote, "[n]o evidence to support conviction as charge [sic] and convicted."

[3]Petitioner's April 17, 2007 Memorandum of Law and Fact in Support of 2254.

>   (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted). To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual

allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999). Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 1999), or on direct appeal by a petition for discretionary review.

Review of petitioner's habeas application reflects petitioner has not presented to the Texas Court of Criminal Appeals by way of direct appeal (petition for discretionary review) or by a state habeas application his second and fourth grounds set forth above. Since the state's highest court has not had an opportunity to review and determine the merits of his claim numbers 2 and 4, these claims have not been exhausted.

Since petitioner has already filed one state writ challenging his conviction, any attempt to file another state writ challenging this conviction would result in a dismissal for abuse of the writ, *See Ex parte Whiteside*, 12 S.W.2d 819, 821-22 (Tex.Crim.App.2000). Therefore, petitioner has procedurally defaulted those grounds asserted in allegations 2 and 4. *Vega v. Johnson*, 149 F.3d 354, 362 (5th Cir. 1998); *Muniz v. Johnson*, 132 F.3d 214, 221 (5th Cir. 1998);

*Nobles v. Johnson*, 127 F.3d 409, 422 (5th Cir. 1997).

For the reasons set forth above, it is the opinion of the Magistrate Judge that grounds 2 and 4 must be dismissed for failure to exhaust and as procedurally barred.

IV.

STANDARD OF REVIEW

This case was filed subsequent to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and so the standards of review set forth in the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997). Consequently, petitioner may not obtain relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, all factual determinations made by a state court shall be presumed to be correct and such presumption can only be rebutted by clear and convincing evidence presented by petitioner. 28 U.S.C. § 2254(e).

Petitioner's state habeas application relating to Cause No. 15,792-C was denied by the Texas Court of Criminal Appeals without written order on April 5, 2006. *Ex parte Farmer*, App. No. 64, 348-01, at cover. Therefore, the ruling of the Texas Court of Criminal Appeals on the grounds presented constitute an adjudication of petitioner's claims on the merits. *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999).

V.
MERITS

Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally unfair that the petitioner's constitutional rights were violated.  In determining whether an error was so extreme or a trial so fundamentally unfair, this Court must review the putative error at issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights.

GROUND 1
Use of Coerced Confession

In his first ground, petitioner alleges his conviction was obtained by use of a coerced confession in that he "asked for an attorney and didn't receive one at time of questioning." Petitioner doesn't specify whether he is complaining about the use of his initial oral statement while in the patrol car just after his arrest or whether he is complaining about a written statement obtained later by a detective during an interview at the jail.  By his second ground, petitioner argues his conviction was obtained in violation of the privilege against self-incrimination.  The argument he presents as to ground two, however, is that his attorney's failure to properly research the law left petitioner ignorant of when to object to preserve the error alleged in Ground 1.

The evidence at trial shows petitioner was arrested on an outstanding warrant by Officer Brett Thomas, was informed of his *Miranda* rights while sitting inside the patrol car, stated he understood his rights and waived them.  Petitioner then gave a detailed verbal statement concerning his involvement in the burglary.  Officer Thomas asked petitioner if he would put his

oral statement into writing and petitioner responded he didn't want to write anything down without an attorney present but would be more than glad to tell Officer Thomas anything he needed to know. Petitioner then gave a detailed statement which covered his drug use, the residential burglary for which he was convicted and which is the subject of his present habeas action, and another burglary. [SF Vol. 2 171-173].

The next day, Officer Bennett Landrum spoke with petitioner at the Potter County jail, advised petitioner of his rights, received petitioner's written waiver of such rights, and obtained a written statement from petitioner in which he provided a detailed account of the burglary and his involvement in it. Petitioner did not request the presence of an attorney during that interview. [SF Vol. 3 11-17, 18, 22].

While the voluntariness of a confession is a matter of law subject to independent federal determination, a trial court's resolutions, after taking evidence, of the subsidiary fact question of whether police engaged in intimidation tactics is entitled to a presumption of correctness. *Evans v. McCotter*, 790 F.2d 1232 (5th Cir. 1986)( citing *Miller v. Fenton*, 474 U.S. 104, 106 S.Ct. 445, 450-51, 88 L.Ed.2d 405 (1985).

ORAL STATEMENT

Petitioner's challenge to the use of his oral statement was addressed by the Seventh Court of Appeals in petitioner's direct appeal and the statement was determined to be admissible under *Connecticut v. Barrett*, 479 U.S. 523, 529, 107 S.Ct. 828, 93 L.Ed.2d 920 (1987)(defendant's limited requests for counsel in connection with making a written statement were accompanied by affirmative announcements of his willingness to speak with the authorities and, therefore, his oral confession was obtained consistent with the Fifth Amendment) (distinguishing *Edwards v.*

*Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Petitioner has not shown this determination is contrary to or involves an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States.

Additionally, based upon the record of the suppression hearing, the trial court's ruling on the suppression motion, and the trial court's written Findings of Fact, Conclusions of Law and Order on Admissibility of Statements, clearly show the trial court's findings and ruling were reasonable. The Court had testimony from Officer Thomas that, after placing petitioner in the back of the patrol vehicle, petitioner was informed of his rights, said he understood them, and made incriminating statements. When asked to reduce such statements to writing, petitioner said he didn't want to write anything down without an attorney but was willing to tell police anything they wanted to know. Officer Thomas testified petitioner then admitted involvement in a shed burglary and the house burglary forming the basis for the present conviction. Petitioner further stated he had taken a leaf blower and a two-wheel dolly in the shed burglary to trade for crack cocaine. Those items were found at the foot of the stairs leading to the apartment where petitioner was arrested. [SF Vol. 2 at 102-105].

At the motion to suppress hearing, petitioner testified that, after being handcuffed and put in the back of the police car, he invoked his right to counsel and "had no other dealings with any of the information that they [police] got because [he] was already in the back of the police car." Petitioner stated he never said he had participated in the shed robbery. [SF Vol. 2 at 116]. Nevertheless, on cross-examination, petitioner stated he had given a statement, but "not one incriminating [him]self by saying [he] did the crimes." [SF Vol. 2 at 117]. He further stated he was "upset that they turned – they turned the charges around . . .." and that "they saying, 'Well,

we're going to use you. And – and sign this and then when, you know this case comes before the Court, we'll use your testimony.' But then I find out I'm the only one being charged." [SF Vol. 2 at 118].

The trial court found the oral confessions to be admissible, making an implicit determination petitioner was not credible. This and the trial court's other findings of fact are presumed correct on federal habeas review. 28 U.S.C. § 2254(d); *Self v. Collins*, 973 F.2d 1198, 1204-05, 1214 (5th Cir. 1992). Petitioner has not rebutted that presumption of correctness by clear and convincing evidence.

## WRITTEN STATEMENT

Respondent contends petitioner procedurally defaulted any challenge to his written statement by failing to properly object in order to preserve the issue for review. Under the procedural default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the State court based its rejection of that claim on an adequate and independent state ground. *Coleman v. Quarterman*, 456 F.3d 537, 542 (5th Cir. 2006). Moreover, absent a "plain statement" from the last state court which considered the claim, expressly and unambiguously basing its denial of relief on a state procedural default, the federal court "will presume there is no adequate and independent state ground for a state court decision [if] the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 2557, 115 L.Ed.2d 640 (1991); *accord*, *Harris v. Reed*, 489 U.S. 255, 265, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). In this case, the decision of the Seventh Court of Appeals on direct appeal was the "last reasoned opinion," as

petitioner did not appeal that determination of the intermediate appellate court on his direct appeal or in his application for state habeas relief which was denied by the Texas Court of Criminal Appeals without written order. The Seventh Court of Appeals, relying on *Graham v. State*, 96 S.W.3d 658, 659 (Tex.App.–Texarkana 2003, pet. ref'd), determined petitioner had waived any error in the admission of the challenged statement because, during trial, the defense did not merely fail to object but affirmatively asserted there was "no objection" to the admission of the challenged statement, despite the pre-trial hearing and ruling denying petitioner's motion to suppress. The reliance of the state court on a procedural bar is clear and petitioner has made no showing to the contrary.

Even if this part of petitioner's claim were not procedurally barred, petitioner cannot show he was prejudiced by the admission of the written statement. As argued by respondent, the oral statement was admissible and items taken during the burglary were found at petitioner's residence. Any error in the introduction of the written statement was harmless.

### GROUND 2
### Violation of Privilege Against Self-Incrimination

Petitioner's second allegation is that his conviction was obtained in violation of the privilege against self-incrimination. Petitioner contends that, at the time of trial, he didn't know when to object to the evidence to preserve his complaint for appellate review because his attorney told him by letter she did not have the time or money to really help him, "she only wanted [him] to sign a plea of Guilty." This allegation is difficult to understand. Assuming petitioner is alleging some sort of ineffective assistance of counsel claim, *i.e.*, that counsel was ineffective in failing to object to the written confession, such claim is unexhausted.

Petitioner did not present this argument on direct appeal or assert it in his state writ of habeas corpus. *Ex parte Farmer*, Application No. 64,348-01 pp. 6-7. In his state habeas application, petitioner did argue his attorney told him she didn't have time to research caselaw for him, so he didn't know his state jail felony conviction could not be enhanced; however, that argument goes to his allegation of an illegal sentence, allegation number 5. Whatever the basis of his allegation under ground two, petitioner did not assert this specific claim of ineffective assistance of counsel as a ground for relief in his state habeas application, and the claim is unexhausted. Further, if petitioner were to assert this claim in a second state habeas application, it would be dismissed as procedurally defaulted under Texas Code of Criminal Procedure Article 11.071(5)(1) as an abuse of the writ. Petitioner's second ground must be dismissed as unexhausted and procedurally defaulted. *See*, *Aguilar v. Dretke*, 428 F.2d 526, 532-33 (5th Cir. 2005).

## GROUND 3

### No or Insufficient Evidence

On his federal petition, petitioner circles the ground reading, "[c]onviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant." Where required, on the form, to state his supporting facts, petitioner provides none and there characterizes his claim as, "[n]o evidence to support [the] conviction as charge[d] and convicted."

Review of petitioner's state habeas petition shows he asserted the ground that "[e]vidence to establish the innocence was intentinally [sic] withheld preventing its production at trial" and

argued, under this point, that the evidence presented at trial showed only that he "was in the back seat of a car alleeway [sic] of the habitation [and] mere presence alone would not be a burglary of a habitation."

Again, petitioner has failed to clearly and understandably state his points of error, but it appears petitioner is asserting a no or insufficient evidence argument and that he exhausted this ground by asserting it in his state habeas application, as shown by the fact that the State construed his argument in that manner in its response. Petitioner did not, however, assert this ground of insufficient evidence in his direct appeal. Sufficiency of the evidence is not cognizable in a post-conviction writ of habeas corpus in Texas courts. *Ex parte Easter*, 615 S.W.2d 719, 721 (Tex.Crim.App. 1981)(citing *Ex parte Smith*, 571 S.W.2d. 22, 23 (Tex.Crim.App. 1978)). Petitioner appears to have procedurally defaulted this claim. *Renz v. Scott*, 28 F.3d 421, 432 (5th Cir. 1994).

Even if not procedurally barred, after examining the evidence of record, a reasonable jury could find Officer Thomas' testimony of petitioner's oral statement to be credible. In that statement, petitioner stated he had a cocaine problem and committed the burglary of a shed on the day of his arrest in order to steal a leaf blower and a dolly to trade for crack cocaine. Such a jury could also believe Officer Thomas' testimony of petitioner's account of his involvement in the home burglary the previous day, *i.e.*, that petitioner told two friends with whom he had been smoking crack he knew of a place they could burglarize because he had done sprinkler work there, that he took them to the residence, pointed it out to them as a good place to break into and get some stuff to trade for dope, and that they dropped petitioner off in another location and returned to the residence, broke in and stole various items. [SF Vol. 2 at 171-173].

The jury could also believe testimony by Corporal Hawley that, at the time of petitioner's arrest, various items taken in the burglary were found in a room which had been identified as being the room where petitioner slept, most of it in the immediate vicinity of petitioner, in his "reach and grab" area, at the time of his arrest. [SF Vol. 2 at 182-189].

Further, the jury had before it testimony from the victim homeowner concerning petitioner's installation of a sprinkler system and petitioner's viewing of the entire interior of the home and all the closets before deciding to place the control panel in the closet of one of the children's bedrooms. [SF Vol. 2 at 139-144]. All this evidence was sufficient to support the burglary of a habitation conviction petitioner presently challenges.

Thus, not only is petitioner's claim procedurally barred, but he has utterly failed to show his conviction was not based on sufficient evidence.

## GROUND 4
### Denial of Effective Assistance of Counsel

In this allegation, petitioner does not assert the same argument addressed in Ground 2. Instead, he claims, due to counsel's "financial reasons," his attorney could not conduct a reasonable investigation and inform defendant of the facts in his favor before his trial. Petitioner also states he did not have an attorney on his first probation violation.

Review of petitioner's state habeas petition reveals he did not raise these arguments there and is now barred for failure to exhaust state remedies.

Even if these claims had been exhausted, they are without merit. In order to obtain habeas corpus relief on the ground of ineffective assistance of counsel, a petitioner must

demonstrate not only that his counsel's performance was deficient, but also that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To demonstrate deficient performance, petitioner must show counsel's actions "fell below an objective standard of reasonableness." *Id*. at 668, 104 S.Ct. at 2064. A strong presumption exists "that trial counsel rendered adequate assistance and that the challenged conduct was reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066). To demonstrate prejudice, petitioner must show a "reasonable probability" exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Id.* at 697, 104 S.Ct. at 2069.

Petitioner does not identify his "first probation violation," for which he says he did not have counsel, nor does he present any argument or make any showing how its handling prejudiced him with respect to the burglary charge challenged in the instant habeas action. Petitioner does not argue the underlying conviction was used to enhance his punishment. If in fact, he is challenging the 1980 Palo Pinto County theft conviction, the records reflect he did have counsel both with respect to his guilty plea, [SF Vol. 3, page 5 of Exhibit 30] and on the probation violation proceeding [SF Vol. 3, page 11 of Exhibit 30 at page 1 of the Order Revoking Probation]. The records also show plaintiff had counsel on his 1985 guilty plea to the Unauthorized Use of a Motor Vehicle charge [SF Vol. 3, page 3 of Exhibit 312 at page 1 of the Judgment and Sentence].

As to petitioner's contention that counsel did not have financial resources to adequately investigate and inform petitioner of favorable facts before his trial, petitioner has not shown there were any favorable facts to be found and which were not discovered, nor has he demonstrated, much less shown, that such deficiency, if there was one, actually prejudiced him.

Ground Four is without merit.

## GROUND 5

### Sentence Imposed in Excess of Maximum Authorized by Law[4]

By this argument, petitioner contends he was convicted of a state jail felony and his enhancement convictions are over ten years old. He says he has no "3g[5]" offenses and, therefore, the sentence imposed exceeded the legal maximum. Burglary of a habitation is not a "state jail felony." It is a second degree felony, Texas Penal Code, section 30.02(c)(2) (West, Westlaw 2009); and before the 1993 amendments to the Code, it was a first degree felony, (West, Westlaw 2009 Historical and Statutory Notes).

Petitioner was also determined to have at least two prior felony convictions which qualified as predicates for enhancement [SF Vol. 3 at 1-2, 52-60, 62, 88-90, 91-93].

Under Texas Penal Code section 12.31(e), petitioner's punishment was properly assessed at 25 years confinement. Petitioner received the lowest sentence in the sentencing range.

Petitioner's argument is based upon his erroneous assumption that he was charged with a state jail felony. He has made no showing to support his contention that his punishment exceeds

---

[4]Petitioner's April 17, 2007 Memorandum of Law and Fact in Support of 2254.

[5]Apparently, petitioner is referencing section 3g of article 42.12 of the Texas Code of Criminal Procedure, excluding the offenses enumerated in that article from those for which a trial judge can assessment a punishment of community supervision.

the legal maximum and, therefore, has not shown it was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

    This ground is without merit.

## VI.

## RECOMMENDATION

    It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner CALIP JOSEPH FARMER be DISMISSED as to Grounds 2 and 4 for failure to exhaust state remedies and that petitioner's writ be DENIED as to Grounds 1, 3, and 5.

## V.
## INSTRUCTIONS FOR SERVICE

    The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

    IT IS SO RECOMMENDED.

    ENTERED this 19th day of June, 2009.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).